**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ADA M. FREESE,** | ) | **CASE NO. 1:08 CV 1070** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **Magistrate Judge William H. Baughman, Jr.** |
| | ) | |
| **CONTINENTAL AIRLINES, INC.,** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James William H. Baughman, Jr. (Document #85) recommending that the Court grant the Renewed Motion for Leave to Amend the Complaint to Name New Party Defendant filed by Plaintiff on April 4, 2011 (Docket #77). The factual and procedural history of this case, as set forth by the Magistrate Judge, is as follows:

> The relevant facts underlying the present motion are not complex. Freese initially brought this negligence action against Continental in an Ohio court alleging that the airline breached the duty of care owed her when a cabin attendant purportedly spilled boiling water on her during the beverage service on a 2007 flight between Cleveland and Atlanta. After the passage of more than a year from when the matter was first filed, Continental moved this Court for summary judgment. In that motion, among other things, Continental asserted that because it was neither the owner nor operator of the flight on which Freese was injured, ExpressJet Airlines, Inc. d/b/a Continental Express – a separate entity over which Continental exercised no control and which did operate the flight at issue – was the proper defendant.

> Accordingly, prior to adjudication of the motion for summary judgment, Freese attempted to amend her complaint to add ExpressJet as a defendant. That proposed amendment was denied by this Court. In so doing, the Court noted, *inter alia*, that since the one-year statute of limitations for negligence had already passed, an amendment seeking to bring a negligence claim against a new party such as ExpressJet would need to relate back to the original complaint in order to be granted.11 Relying on the existing Sixth Circuit precedent, the Court concluded that the proposed amendment would not relate back under the rubric of correcting a mistake concerning a party's identity since "[Freese's] conscious decision to sue [Continental], not ExpressJet, is not considered to be a mistake in identity or a misnomer."
>
> Following a summary judgment in favor of Continental, Freese appealed both that decision and the decision denying her leave to amend. The Sixth Circuit thereupon affirmed the decision granting summary judgement, but remanded the denial of the motion to amend for consideration in light of new authority from the Supreme Court. In particular, the appeals court noted that at the time of the denial of the motion to amend "the district court correctly applied the law." But, the Sixth Circuit continued, the intervening Supreme Court decision in *Krupski v. Costa Crociere S. p. A.* should be considered by the district court in addressing the motion to amend on remand.
>
> As is suggested by the Supreme Court's decision in *Krupski*, in addition to proof of actual knowledge of filing, a prospective defendant may be found to have constructive notice of the filing of a complaint. *See*, *id*. at 2497. After the remand, Freese, as noted, renewed her motion to amend in light of the teaching of *Krupski*. Continental opposed the motion, providing its understanding of how *Krupski* applies to this matter. Freese filed a reply. The District Court then referred the matter to me for a report and recommendation, specifying that the report and recommendation be completed by July 1, 2011.

See Magistrate Judge Baughman's Order dated May 11, 2011 (citations omitted) (Docket #81).

On May 11, 2011, Magistrate Judge Baughman ordered the Parties to file supplemental briefs on or before May 20, 2011, addressing the factual issue of whether the present record contains evidence that ExpressJet had actual or constructive notice of Plaintiff's suit within the 120-day time period for serving the summons and complaint, as set

forth in Fed. R. Civ. P. 4(m). The Parties briefed the issue and, on May 31, 2011, the Magistrate Judge issued his Report and Recommendation (Docket #85), recommending that Plaintiff be permitted to amend the Complaint to substitute ExpressJet Airlines, Inc. for Continental Airlines. Relying on *Krupski v. Costa Crociere S. p. A.*, 130 S. Ct. 2485 (2010), the Magistrate Judge found Plaintiff's proposed amendment to conform with Fed. R. Civ. P. 15(c)(1)(C).

On June 10, 2011, Continental Airlines, Inc. filed its Appeal From and Objections to Magistrate's Order. (Docket #87.) Continental argues that Plaintiff should not be permitted to amend the Complaint, asserting that Continental reasonably viewed "plaintiff's decision not to sue ExpressJet as a matter of strategy, not mistake." (Docket #87 at p. 4-5.) On June 14, 2010, Plaintiff filed her Brief in Opposition to Continental Airline's Appeal and Objection to Magistrate's Order. (Docket #88.)

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

**Discussion**

The Court has reviewed the Report and Recommendation *de novo*, as well as the Objection filed by Continental and Plaintiff's response thereto, in conjunction with a careful review of the decision of the United States Supreme Court in *Krupski v. Costa Crocier S. p.*

*A.*, 130 S. Ct. 2485 (2010). The Court agrees with and hereby adopts the findings and conclusions of the Magistrate Judge as its own. The original Complaint filed by Plaintiff in this case clearly demonstrates her intent to sue the company that hired and supervised the flight attendants and crew on the aircraft. The face of the Complaint plainly indicates Plaintiff may have misunderstood the corporate identity of the parties and, given the information presented by both Parties, ExpressJet knew or should have known that it would have been named as a defendant but for Plaintiff's error. Accordingly, Plaintiff may amend her Complaint to substitute ExpressJet Airlines for Continental Airlines.

**Conclusion**

Based on the foregoing, the Court hereby ADOPTS the recommendation of Magistrate Judge Baughman (Docket #85) and GRANTS the Renewed Motion for Leave to Amend the Complaint to Name New Party Defendant filed by Plaintiff on April 4, 2011 (Docket #77). Plaintiff may substitute ExpressJet Airlines for Continental Airlines as a Defendant in this case.

A trial is hereby scheduled to begin September 26, 2011 at 8:30 a.m. Trial order to issue.

IT IS SO ORDERED.

Donald C. Nugent

DONALD C. NUGENT
United States District Judge

DATED: June 22, 2011